IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01011-PAB-MDB

GREGORY CARL WIND JR,

    Plaintiff,

v.

MICHAEL J. MCKINNEY (33312),
ADAMS COUNTY, and
NATHAN MCDONALD (18543),

    Defendants.

---

# ORDER

---

This matter comes before the Court on plaintiff Gregory Carl Wind Jr.'s Object [sic] to [ECF 67] Recommendation of United States Magistrate Judge [Docket No. 70]. Defendants did not respond to Mr. Wind's objection.

## I. BACKGROUND

Mr. Wind, proceeding pro se,[1] filed an amended complaint ("Complaint") on September 8, 2023, alleging that defendants burdened his free exercise of religion. Docket No. 23 at 4-7. Defendant Michael J. McKinney was served on October 13, 2023. Docket No. 49. As a result, the original deadline for Mr. McKinney to file an answer or otherwise respond to the Complaint was November 3, 2023. Docket No. 50

---

[1] Because Mr. Wind is proceeding pro se, the Court will construe his pleadings liberally without serving as his advocate. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will evaluate Mr. Wind's arguments to the extent that they are sufficiently developed for the Court to understand them.

at 1, ¶ 2.  On October 31, Mr. McKinney filed a motion for extension of time to answer or otherwise respond to the Complaint, seeking an extension until November 17, 2023.  *Id.* at 2.

On November 13, 2023, Mr. Wind filed a motion for default judgment against Mr. McKinney on the basis that Mr. McKinney had not filed an answer or otherwise responded to the Complaint by November 3, 2023.  Docket No. 55 at 1.  Mr. Wind had not previously moved for an entry of default from the Clerk of the Court.  Magistrate Judge Maritza Dominguez Braswell had not ruled on Mr. McKinney's motion for an extension of time by the time Mr. Wind filed the motion for default judgment.  On November 14, 2023, Mr. McKinney filed a joint motion with defendant Adams County seeking an extension of time to file an answer or otherwise respond to the Complaint.  Docket No. 57 at 3, ¶ 9.  On November 14, 2023, Judge Dominguez Braswell granted the joint motion for an extension of time, rendering the motion that Mr. McKinney had filed on October 31, 2023 moot.  Docket Nos. 59, 63.

On November 30, 2023, Judge Dominguez Braswell entered a recommendation on Mr. Wind's motion for default judgment, stating that it should be denied on three grounds: (1) Mr. Wind filed for default judgment without first obtaining an entry of default by the Clerk of Court; (2) Mr. Wind failed to attach a required affidavit to his motion; and (3) Mr. McKinney has entered an appearance and is defending this action.  Docket No. 67 at 2-3.  On December 8, 2023, Mr. Wind filed an objection to Judge Dominguez Braswell's recommendation.  Docket No. 70.  Defendants did not respond to Mr. Wind's objection.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b)

## III. ANALYSIS

The Court construes Mr. Wind's objection as raising four objections to Judge Dominguez Braswell's recommendation.

### A.  Objection One

Mr. Wind objects to the recommendation on the basis that he "did not consent to the jurisdiction of a magistrate judge." Docket No. 70 at 1, ¶ 1. Judge Dominguez

3

Braswell is authorized to hear this matter pursuant to 28 U.S.C. §§ 636(a)-(b), Fed. R. Civ. P. 72(a)-(b), and D.C.COLO.LCivR 72.1.  Mr. Wind's consent is not required for the district court to refer dispositive motions to Judge Dominguez Braswell for a recommendation.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. §§ 636(b)(1)(B)-(C); *see also Matios v. City of Loveland*, No. 22-1394, 2023 WL 4145905, at *3 (10th Cir. June 23, 2023).  Mr. Wind may object to any adverse rulings or recommendations by Judge Dominguez Braswell and such objections will be decided by an Article III judge pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).  The Court will therefore overrule this objection.

### B.  Objection Two

Mr. Wind objects to the recommendation on the basis that he filed a motion to appoint counsel, which was still pending at the time that Judge Dominguez Braswell issued the recommendation.  Docket No. 70 at 1, ¶¶ 2, 4.  Thus, Mr. Wind appears to argue that it was procedurally improper for Judge Dominguez Braswell to issue the recommendation before ruling on the motion to appoint counsel.  However, Mr. Wind does not cite any legal authority for the proposition that a judge must rule on a plaintiff's motion to appoint counsel before she issues a recommendation on a plaintiff's motion for default, and the Court is aware of none.  The Court finds no error in Judge Dominguez Braswell's decision to make her recommendation before ruling on Mr. Wind's motion to appoint counsel.  Therefore, the Court will overrule this objection.

### C.  Objection Three

Mr. Wind objects to the recommendation on the basis that the original deadline for Mr. McKinney to respond to the Complaint was November 3, 2023 and that Mr. Wind

4

filed his motion for default judgment after that deadline passed.  *Id.* at 2, ¶ 5.  However, Mr. Wind does not appear to object to the statement that Mr. McKinney moved for an extension of time before the original November 3, 2023 deadline or that defendants' deadline to answer or otherwise respond to the Complaint was January 16, 2024.[2]  *See* Docket No. 67 at 2.  Mr. Wind also does not object to Judge Dominguez Braswell's finding that "Defendant McKinney has entered an appearance and is defending this action."  *Id.*  Moreover, Mr. Wind does not object to the other two grounds on which Judge Dominguez Braswell denied his motion for default: that he failed to obtain an entry of default from the Clerk of the Court and that he failed to attach the required affidavit in support of his motion.  The Court will overrule this objection.

### D. Objection Four

Mr. Wind objects to the recommendation on the basis that Mr. McKinney "did not object to [Mr. Wind's] Motion for Default."  Docket No. 70 at 2, ¶ 5.  Thus, Mr. Wind appears to argue that Judge Dominguez Braswell erred in recommending that the Court deny Mr. Wind's motion even though Mr. McKinney did not file a response.  The decision to enter default judgment is "committed to the district court's sound discretion," *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003), but it "must normally be viewed as available only when the adversary process has been halted because of an

---

[2] The objection also states that Mr. Wind's objection to Judge Dominguez Braswell's order extending defendants' deadline to answer or otherwise respond to the Complaint was still pending at the time he filed the objection to the recommendation on the motion for default judgment.  Docket No. 70 at 1, ¶¶ 3-4.  However, on April 8, 2024, the Court overruled the objection to the order extending the deadline to answer or otherwise respond to the Complaint.  Docket No. 106 at 4.  Accordingly, insofar as Mr. Wind references his objection to the order extending the answer deadline for the purpose of objecting to the statement that the answer deadline was January 16, 2024, this objection is overruled.

5

essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). Here, although Mr. McKinney did not file a response to Mr. Wind's motion for default judgment, he is not an unresponsive party because he has entered an appearance and is defending the action. Therefore, default judgment is not warranted. The Court will overrule this objection.

### E.  Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

### IV. CONCLUSION

For the reasons stated above, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 67] is **ACCEPTED**. It is further

**ORDERED** that the Object [sic] to [ECF 67] Recommendation of United States Magistrate Judge [Docket No. 70] is **OVERRULED**. It is further

**ORDERED** that the Motion for Default Judgment on Defendant Michael J. McKinney [Docket No. 55] is **DENIED**.

DATED April 9, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge